1 **WO**

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                       **FOR THE DISTRICT OF ARIZONA**

8

9 Wayne F. Foraker,                          )    No. CV- 04-2614-PHX-DGC
                                             )
10            Plaintiff,                      )
                                             )    **ORDER**
11 vs.                                        )
                                             )
12 Apollo Group, Inc. dba University          )
   of Phoenix,                               )
13                                            )
              Defendant.                      )
14 _____        )

15        Defendant has filed a Motion for Judgment as a Matter of Law (Renewed) re

16 Promotion Claim and a Motion for Judgment as a Matter of Law (Renewed) re

17 Administrative Claim. Dkt. #244, 245. Responses and replies have been filed. Plaintiff has

18 filed a Brief Regarding Monetary Judgment, Prejudgment Interest, Liquidated Damages and

19 Present Value of Future Loss Damages. Dkt. #230. Defendant has filed two responses.

20        **A.    Defendant's Motion on the Promotion Claim.**

21        Following trial, the jury found that Plaintiff had been denied a promotion and 10% pay

22 increase for taking a 2004 leave of absence under the Family Medical Leave Act ("FMLA").

23 Defendant argues that Plaintiff presented no evidence to support his claim that he was

24 promised or denied a promotion. Defendant's argument is premised on the meaning of the

25 word "promotion" within Defendant's employment practices.

26        Defendant asserts that a promotion occurs within its organization only when an

27 employee receives a change in his or her position classification. Changes in job title or job

28 responsibilities that do not include a new position classification do not, in Defendant's

nomenclature, constitute a promotion.  Defendant asserts that the evidence presented at trial established that Plaintiff did not receive a promised or actual change in his position classification.  Rather, Defendant contends, Plaintiff received a change in his working title from Senior Director of Assessment to Senior Director of Learning Assessment and Analysis. Because Plaintiff presented no evidence that he was promised nor received a change in his position classification, Defendant asserts that the jury's verdict finding that Plaintiff was denied a promotion is not support by the evidence.

Plaintiff readily admitted during his testimony at trial that he received no change in his position classification.  Plaintiff instead asserted that he received new job responsibilities, including management and budgetary responsibilities for the area of learning assessment within Defendant's business.  Plaintiff also asserted that he was promised a 10% pay raise in connection with these new job responsibilities.  Plaintiff asserts that these increases in job duties and pay constituted a promotion within the ordinary meaning of the word.

The Court concludes that the jury reasonably found that the change in Plaintiff's employment responsibilities constituted a promotion.  The Court does not equate this finding with a change in Plaintiff's position classification.  Indeed, as noted above, Plaintiff did not assert at trial that he received an increased position classification.  But the jury reasonably concluded that Plaintiff was given increased management and budgetary responsibilities and a corresponding pay increase, and that these increases were subsequently withdrawn when Plaintiff's took FMLA leave in 2004.

The evidence reasonably supported the jury's findings.  Plaintiff personally testified that Defendant's Vice President, William Pepicello, assigned him the increased job responsibilities and promised him the 10% pay increase.  Although Mr. Pepicello denied promising the pay increase, a jury reasonably could have believed Plaintiff rather than Mr. Pepicello.  Plaintiff also introduced exhibits in which Mr. Pepicello referred to Plaintiff's new responsibilities as a promotion, and a congratulatory note from Defendant's President also referring to the changes as a promotion.  This evidence reasonably supported the jury's

1    verdict in favor of Plaintiff on the promotion and pay increase claims.  As a result,
2    Defendant's motion for judgment as a matter of law will be denied.

3         **B.    Defendant's Motion on Administrative Leave Claim.**

4         Defendant makes two arguments.   First, Defendant contends that Plaintiff's
5    involuntary placement on paid administrative leave did not constitute an adverse employment
6    action for purposes of the FMLA.  Second, Defendant contends that Plaintiff failed to prove
7    monetary damages resulting from his paid administrative leave and that such a failure
8    requires judgment as a matter of law on the administrative leave claim.  As part of this
9    second argument, Defendant contends that equitable relief is not available under the FMLA
10   for placement on paid administrative leave.

11             **1.    Adverse Employment Action.**

12        The Supreme Court recently addressed the requirements for an adverse employment
13   action.  The Court held that a plaintiff seeking to establish an adverse employment action
14   "must show that a reasonable employee would have found the challenged action materially
15   adverse, 'which in this context means it well might have dissuaded a reasonable worker from
16   [engaging in protected activity].'"  *Burlington Northern v. White*, 126 S.Ct. 2405, 2415
17   (2006) (citations omitted).  This test is the same as that previously adopted by the Ninth
18   Circuit in *Ray v. Henderson*, 217 F.3d 1234 (9th Cir. 2000).  Although *Burlington* and *Ray*
19   are Title VII cases, Defendant does not dispute that this definition of an adverse employment
20   action applies under the FMLA.  Defendant does contend that the remedial purposes of the
21   FMLA are narrower than those of Title VII, but does not dispute that the relevant inquiry is
22   whether the challenged action might have dissuaded a reasonable worker from engaging in
23   protected conduct – in this case, taking leave under the FMLA.

24        Plaintiff was placed on paid administrative leave on September 16, 2005.  Although
25   he continued to receive full compensation and other benefits, he was relieved of all job
26   responsibilities, ceased to function in his employment position or any other capacity for
27   Defendant, and was not permitted to come to the workplace.  His interaction with fellow

28                                      - 3 -

1  employees ceased, as did any on-the-job experience and training he normally would have
2  received.  Plaintiff did not receive regular employment reviews that might have laid the
3  foundation for increased responsibilities or pay.  As of the date of trial, Plaintiff had
4  remained on paid administrative leave for almost one year, with no indication from
5  Defendant as to when he might be permitted to return to work.

6        The Court concludes that a reasonable employee likely would find such an
7  administrative leave to be "materially adverse" as required by *Burlington*.  The elimination
8  of all job responsibilities, all contact with co-workers, all experience and education that
9  would come from fulfilling one's job responsibilities, and all periodic performance reviews
10  for an indefinite period of at least 12 months "well might have dissuaded a reasonable
11  worker" from requesting FMLA leave.  *Burlington*, 126 S.Ct. at 2415.  The Court therefore
12  cannot conclude as a matter of law that Plaintiff's paid administrative leave was not an
13  adverse employment action.  The issue was appropriately presented to the jury, and, on the
14  basis of sufficient evidence, the jury found that Plaintiff had experienced an adverse
15  employment action in retaliation for requesting additional FMLA leave.

16        Defendant cites a few cases for the proposition that paid administrative leave can
17  never constitute an adverse employment action.  Defendant overstates the import of these
18  cases. None of them addressed a circumstance like Plaintiff's, and none of them was decided
19  after *Burlington* or addressed the standard articulated in *Ray*.  Although there may well be
20  circumstances where a court can conclude that a particular instance of paid administrative
21  leave does not constitute an adverse employment action under *Burlington* and *Ray*, this is not
22  such a case.  The Court's decision to submit this issue to the jury was correct.

23              **2.      Plaintiff's Lack of Economic Damages.**

24        Plaintiff failed to present any evidence that he suffered economic damages as a result
25  of his paid administrative leave.  Plaintiff has received full pay and benefits during the leave,
26  and, as Defendant notes, the FMLA does not permit recovery of non-economic damages such
27  as pain and suffering.  The jury's verdict was consistent with this lack of evidence.  The jury

28                                    - 4 -

1   found that Plaintiff had been placed on paid administrative leave in retaliation for requesting
2   FMLA leave, but declined to award Plaintiff any damages.

3       Defendant contends that economic damages constitute an element of Plaintiff's *prima*
4   *facie* case and that his failure to prove such damages dooms his retaliation claim as a matter
5   of law.  But the FMLA expressly authorizes injunctive relief.  Any employer who violates
6   the statute is liable to the employee for economic damages or "for such equitable relief as
7   may be appropriate, including employment, reinstatement, and promotion."  29 U.S.C. §
8   2617(a)(1)(B).  The primary case cited by Defendant, *Dawson v. Leewood Nursing Home,*
9   *Inc.*, 14 F. Supp. 2d 828 (E.D. Va. 1998), states that employees suing under the FMLA have
10  the right to recover "damages or to seek equitable relief for violations of the Act."  *Id.* at 832.
11  Defendant's own authority thus makes clear that an FMLA claim may be sustained by a
12  claim for equitable relief.

13      Defendant argues that the statute does not authorize equitable relief in a case of paid
14  administrative leave, but cites no authority to support this proposition.  Defendant instead
15  argues that equitable relief has been afforded only in cases of termination.  The fact that
16  equitable relief is available when the adverse employment action is termination does not
17  mean, however, that it is unavailable when the adverse employment action is indefinite paid
18  administrative leave.  The plain language of the statute authorizes equitable relief when a
19  violation of the FMLA occurs.

20      Because the jury found that Defendant retaliated against Plaintiff by placing him on
21  paid administrative leave, and because the statute authorizes equitable relief, the Court
22  cannot conclude that Plaintiff's retaliation claim fails as a matter of law.  Defendant's motion
23  for judgment as a matter of law on Plaintiff's administrative leave claim will be denied.

24      **C.    The Parties' Briefs on Monetary Damages.**

25      Plaintiffs asks the Court to award him $9,189.00 in back pay (as awarded by the jury),
26  to double this amount in light of the jury's finding that Defendant did not act in good faith,
27  and to award prejudgment interest, all totaling $22,583.70.  Dkt. #230 at 4.  Plaintiff also

28

1   asks the Court to award him $35,387.00 in lost future earnings for loss of his pay raise,

2   $10,224.00 in future losses to his 401k plan, and to double this amount as a result of

3   Defendant's bad faith, for damages totaling $91,222.00.

4        Defendant does not address these damage numbers.  Consistent with the Court's

5   instructions, Defendant instead addresses whether monetary damages or injunctive relief

6   constitutes the appropriate remedy for Plaintiff's loss of the 10% pay raise.  Defendant argues

7   that the Court should enter an injunction requiring Defendant to pay the 10% raise in the

8   future.

9        The Court will not decide at this time whether injunctive relief or front pay constitutes

10   the appropriate remedy for Plaintiff's loss of the 10% pay raise.  This decision instead will

11   be made when the Court addresses and decides the appropriate remedy for Plaintiff's

12   administrative claim.  If the Court orders equitable relief on the administrative claim,

13   equitable relief on the lost pay raise might also be appropriate.  If Plaintiff does not seek

14   equitable relief on the administrative claim, front pay might be appropriate.[1]

15        To conclude this case, the Court will hold a hearing to address the relief warranted by

16   the jury's verdict.  In preparation for the hearing, Plaintiff and Defendant shall file

17   memoranda, no longer than **7 pages** in length by **December 8, 2006**.  The parties shall file

18   reply memoranda, no longer than **3 pages** in length, by **December 15, 2006**.  A hearing will

19   be held of **December 19, 2006, at 2:00 p.m.**

20

21

22       [1] It appears that Plaintiff does not seek the equitable remedy of reinstatement on
his administrative leave claim.  His brief on monetary damages states:  "It is not the job

23   of the Court to monitor the practices of the parties.  It is impractical to expect Plaintiff to
return to work for an employee [sic] who violated his federal rights in bad faith."  Dkt.

24   #230 at 6.  Moreover, the Court is uncertain about the kind of equitable relief that could

25   be fashioned on the administrative leave claim.  The Court is mindful of the fact that it
does not possess the expertise or experience to make employment management decisions

26   for Defendant or other employers.  The Court is also mindful that the FMLA does not
guarantee that an employee may return to the exact position vacated before a leave of

27   absence.

28                                - 6 -

Plaintiff's memoranda shall address the following issues:

(1)   Does Plaintiff seek equitable relief on the basis of his administrative claim and, if so, in what form?

(2)   If Plaintiff does seek equitable relief, what relief can be fashioned consistent with the teaching of federal cases that courts should be reluctant to assume business management responsibilities or to become entangled in the affairs of businesses?

(3)   How does Plaintiff respond to Defendant's argument that front pay damages should not be doubled under the FMLA (*see* Dkt. #232 at 2, n.1)?

(4)   How does Plaintiff respond to Defendant's argument that good faith is an issue for the Court, not the jury (*id.*)?

(5)   When and how did Plaintiff make timely disclosure to Defendant of his 401k plan damages?

(6)   Any other arguments bearing on the appropriate remedy in this case.

Defendant's memoranda shall address the following issues, among others:

(1)   If the Court does impose equitable relief on Plaintiff's administrative leave claim, what should be the appropriate form of that relief?

(2)   How does Defendant respond to the various damages calculations asserted by Plaintiff's expert?

(3)   Any other arguments related to the appropriate remedy in this case.

If the parties believe that oral testimony is required on the issue of damages, they shall be prepared to present such testimony at the hearing on **December 19, 2006**. They shall confer in advance about the most efficient way to present such testimony.

Upon review of these additional submissions by the parties and consideration of the evidence and argument to be presented on **December 19, 2006**, the Court will enter a final order concerning the relief to be awarded Plaintiff in this case. Following this decision and entry of judgment, Plaintiff may apply for attorneys' fees and costs.

**IT IS ORDERED:**

1.     Defendant's Motion for Judgment as a Matter of Law (Renewed) Re Promotion Claim (Dkt. #245) is **denied**.

2.     Defendant's Motion for Judgment as a Matter of Law (Renewed) Re Administrative Leave Claim (Dkt. #244) is **denied**.

3.     The parties shall submit additional briefing and participate in the hearing as set forth above.

DATED this 22nd day of November, 2006.

_____
David G. Campbell
United States District Judge