# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Wayne F. Foraker,<br><br>    Plaintiff,<br><br>vs.<br><br>Apollo Group, Inc. dba University of Phoenix,<br><br>    Defendant. | No. CV- 04-2614-PHX-DGC<br><br>**ORDER AND JUDGMENT** |

The Court held a hearing on December 19, 2006. The hearing addressed the matters set forth in the Court's order dated November 22, 2006. Dkt. #255. Prior to the hearing, the Court reviewed the memoranda filed by the parties. Dkt. ##257-260. On the basis of the hearing and the memoranda,

**IT IS HEREBY ORDERED:**

1. Pursuant to the jury's verdict, Plaintiff is awarded $9,189.00 in back pay.

2. Plaintiff is awarded $1,474.08 in prejudgment interest on the jury's back pay award. This represents interest at the rate of 5.5% per annum from March 1, 2004 to February 1, 2007.[1]

---

[1] The Family Medical Leave Act ("FMLA") directs that prejudgment interest be awarded "at the prevailing rate." 29 U.S.C. § 2617(a)(1)(A)(ii). The Court arrived at the 5.5% rate by reviewing prevailing interest rates as posted by the Federal Reserve. *See* www.federalreserve.gov.

3. Pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii), Plaintiff is awarded $10,663.08 in liquidated damages. This award is based on the jury's finding, which the Court accepts, that Defendant did not act in good faith.

4. Defendant shall pay to Plaintiff an amount equal to Defendant's lost 10% raise from September 1, 2006 to February 1, 2007, plus interest at a rate of 5.5% per annum calculated from the date the 10% raise would have been paid to Plaintiff between September 1, 2006 and February 1, 2007.[2]

5. The amounts set forth in paragraphs 1-4 above shall be paid to Plaintiff on February 1, 2007.[3]

6. Effective February 1, 2007, Plaintiff's salary with Defendant shall be $88,676.03. This salary, which includes Plaintiff's 10% pay raise, will be effective whether Plaintiff has returned to work with Defendant by February 1, 2007, or remains on paid administrative leave.

7. Defendant is ordered to end Plaintiff's paid administrative leave and to return him to full-time employment, either (at Defendant's election) in the position he previously held (Senior Director of Learning Assessment) or an "equivalent position" within the meaning of 29 U.S.C. § 2614(a)(1)(B). Defendant shall offer Plaintiff such position or positions, in writing, on or before the close of business on **January 5, 2007**. Between January 5 and January 26, 2007, the parties shall confer about the position or positions offered by Defendant. If the parties have been unable to reach agreement on Plaintiff's new position by **January 26, 2007**, the Court will hold an evidentiary hearing at **1:30 p.m. on**

---

[2] This amount constitutes an equitable award of front pay deemed necessary by the Court to make Plaintiff whole. Because the Court is requiring Defendant to reinstate Plaintiff's lost 10% pay raise in paragraph 6, the Court will not award Plaintiff any additional lump-sum amount for lost front pay.

[3] For reasons stated on the record at the hearing on December 19, 2006, the Court declined Plaintiff's request for an award of damages equal to lost 401k contributions.

**February 16, 2007**. The hearing will last no longer than three hours. The purpose of the hearing will be to determine whether Defendant has offered Plaintiff the same or an equivalent position as required by this Order. The parties shall file memoranda, no longer than **8 pages** in length, by **February 9, 2007**, addressing the issues to be considered at the hearing. If the Court concludes after the hearing that Defendant has offered Plaintiff the same or an equivalent position, it will deem Defendant's reinstatement obligation fulfilled and will require Plaintiff to decide whether to accept the offered position or positions. If the Court determines that Defendant has not offered Plaintiff the same or an equivalent position, the Court will specify in greater detail the position Defendant must offer Plaintiff.

8. Plaintiff's counsel shall file an application for attorneys' fees and costs, including all supporting memoranda, on or before the close of business on **January 19, 2007**. Defendant's response shall be filed on or before **February 9, 2007**. Plaintiff's reply shall be filed on or before **February 16, 2007**.

9. The Clerk shall enter this Order as a Judgment in this case.

DATED this 20th day of December, 2006.

_____
David G. Campbell
United States District Judge