**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Wayne F. Foraker, ) | No. CV-04-2614-PHX-DGC |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Apollo Group, Inc. dba University of Phoenix, ) | |
| Defendant. ) | |

The Court issued an order granting in part and denying in part Plaintiff's motion for attorney's fees on April 9, 2007. Dkt. #300; *see* Dkt. #267. Plaintiff has filed a motion for reconsideration of that order. Dkt. #301. As explained below, the Court will deny the motion.

The Court awarded Plaintiff at total of $73,045.09 in attorney's fees. Dkt. #300. The Court declined to award Plaintiff an additional $5,455.37 in part because Plaintiff's counsel, Rosemary Cook, block billed numerous time entries in violation of Rule 54.2 of the Local Rules of Civil Procedure. *Id.* at 7-8.

In the motion for reconsideration, Ms. Cook apologizes for failing to include in each time entry the details necessary for the Court to evaluate the reasonableness of the requested fee amount. Dkt. #310 at 3. Ms. Cook states that it would be unfair to deprive Plaintiff of any fees that were necessarily incurred in this action. *Id.* Ms. Cook asks the Court to reconsider its April 9 order and award Plaintiff an additional $5,455.37 in fees. *Id.*

Motions for reconsideration are disfavored and are not the place for parties to make new arguments or to ask the Court to rethink its analysis. *See Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988); *United States v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998). Courts in this District have identified four circumstances where a motion for reconsideration will be granted: (1) where the moving party has discovered material differences in fact or law from those presented to the Court at the time of its initial decision, and the party could not previously have known of the factual or legal differences through the exercise of reasonable diligence; (2) where material factual events have occurred since the Court's initial decision; (3) where there has been a material change in the law since the Court's initial decision; or (4) where the movant makes a convincing showing that the Court failed to consider material facts that were presented to the Court at the time of its initial decision. *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003).

The instant motion demonstrates none of these circumstances. Ms. Cook states that "[a]ll of the entries were to prepare for depositions, respond to Defendant's motions, prepare motions on behalf of Plaintiff, or prepare for trial." Dkt. #301 at 3. This statement is consistent with Ms. Cook's practice of block billing in this case. While Ms. Cook has submitted a chart purportedly identifying original time entries and more specific descriptions of such entries, she does not explain why she did not provide the detailed descriptions in the first instance as required by Local Rule 54.2.

The fee amount awarded to Plaintiff was reasonable. *See* Dkt. #300. The Court accordingly will deny Plaintiff's motion.

**IT IS ORDERED** that Plaintiff's motion for reconsideration (Dkt. #301) is **denied**.

DATED this 23rd day of April, 2007.

David G. Campbell
United States District Judge