**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Wayne F. Foraker, ) | No. CV- 04-2614-PHX-DGC |
| Plaintiff, ) | |
| ) | **ORDER** |
| vs. ) | |
| Apollo Group, Inc. dba University ) of Phoenix, ) | |
| Defendant. ) | |

Plaintiff has filed a Motion for Reconsideration and Amended Motion for Reconsideration. Dkt. ##316, 325. Pursuant to the Court's order, Defendant has filed a response. Dkt. #331.

Courts in this District have identified four circumstances under which a motion for reconsideration will be granted: (1) the moving party has discovered material differences in fact or law from those presented to the Court at the time of its initial decision, and the party could not previously have known of the factual or legal differences through the exercise of reasonable diligence; (2) material factual events have occurred since the Court's initial decision; (3) there has been a material change in the law since the Court's initial decision; or (4) the movant makes a convincing showing that the Court failed to consider material facts that were presented at the time of its initial decision. *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003). Circumstances (1) and (2) are potentially at issue here.

Plaintiff claims to have discovered information since his return to work that demonstrates the falsity of testimony presented by Defendant at the May 23, 2007 hearing.

1 Plaintiff cites information he printed from a computer on June 6, 2007, suggesting that the
2 position classification of Senior Director of Academic Research and Effectiveness continues
3 to exist at Defendant.

4 In response, Defendant explains that the position classification was found on its
5 computer system only because Plaintiff, the sole remaining holder of the position
6 classification, had been on leave and therefore had not been subject to changes in position
7 classification. Once Plaintiff returned to work and assumed the position classification of
8 Director of Institutional Research and Effectiveness, his personnel file was changed and the
9 company's computer system was revised to eliminate the position classification that had been
10 frozen during Plaintiff's leave. Defendant's explanation is supported by materials attached
11 to its response and is consistent with the testimony provided by Tracy Bonjean during the
12 hearing on May 23, 2007, testimony the Court found to be credible.

13 Plaintiff also asserts that position classifications affect income levels, but this
14 assertion is not new. Neither is it of consequence in this case; Plaintiff has been restored to
15 full compensation.

16 Although the computer print-outs presented by Plaintiff were not accessible to him
17 before the May 23, 2007 hearing, the Court concludes that they do not reflect "material
18 differences" from the evidence presented during the hearing, nor do they constitute "material
19 factual events" that have occurred since the hearing. The Court therefore concludes that
20 Plaintiff has failed to make the showing necessary for reconsideration under circumstances
21 (1) and (2) of the *Motorola* test cited above.

22 **IT IS ORDERED** that Plaintiff's Motion for Reconsideration (Dkt. #316) and
23 Amended Motion for Reconsideration (Dkt. #325) are **denied**.

24 DATED this 5th day of July, 2007.

_____
David G. Campbell
United States District Judge

- 2 -