1  **WO**

2

3

4

5

6  **IN THE UNITED STATES DISTRICT COURT**

7  **FOR THE DISTRICT OF ARIZONA**

8

9  Wayne F. Foraker,                                   )        No. CV-04-2614-PHX-DGC
                                                       )
10            Plaintiff,                               )        **ORDER**
                                                       )
11  vs.                                                )
                                                       )
12                                                     )
    Apollo Group, Inc. dba University of              )
13  Phoenix,                                           )
                                                       )
14            Defendant.                               )
                                                       )
15  _____         )

16

17          Plaintiff has filed a supplemental application for attorney's fees.  Dkt. #315.  The

18  Court has reviewed the memoranda submitted by the parties.  Dkt. ##315, 326, 327, 332.

19  The Court will award Plaintiff $8,127 in attorney's fees.

20  **I.      Background.**

21          Plaintiff received a jury verdict on his claim under the Family Medical Leave Act

22  "FMLA."  Dkt. #223 ¶¶ 1, 4.  On December 21, 2006, the Court entered judgment (1)

23  awarding Plaintiff back pay in the amount of $9,189.00 plus interest; (2) awarding Plaintiff

24  $10,663.08 in liquidated damages; (3) awarding Plaintiff front pay in an amount equal to his

25  lost ten percent raise from September 1, 2006 to February 1, 2007, plus interest; (4) ordering

26  Defendant to pay Plaintiff an annual salary of $88,676.03 effective February 1, 2007; and (5)

27  ordering Defendant to reinstate Plaintiff to his former position or an equivalent position.

28  Dkt. #261.  On April 9, 2007, the Court awarded Plaintiff attorney's fees of $73,045.09 for

1   services provided through December 31, 2006.  Dkt. #300.

2         On March 7, 2007, the Court conducted an evidentiary hearing on whether the first

3   two positions offered by Defendant were equivalent to Plaintiff's former position.  On March

4   12, 2007, the Court issued an order declaring that the positions were not equivalent.  Dkt.

5   #298.  Defendant offered Plaintiff another position on April 6, 2007, and Plaintiff rejected

6   this offer on April 20, 2007.  *See* Dkt. #326 at 2-3.  Following an evidentiary hearing

7   regarding this third position on May 23, 2007, the Court found that the position was

8   equivalent within the meaning of the FMLA.  The Court permitted Plaintiff to file a

9   supplemental application for attorney's fees incurred after December 31, 2006.  Dkt. #311.

10  **II.    Discussion.**

11        Plaintiff repeatedly states that he is entitled to the full amount of requested attorney's

12  fees because the FMLA requires that reasonable attorney's fees be awarded to a prevailing

13  plaintiff.  *See, e.g.*, Dkt. #315 at 2.  The Court has already awarded Plaintiff reasonable

14  attorney's fees incurred in obtaining Plaintiff's favorable jury verdict.  Dkt. #300.  During

15  the remedial phase of the case, Plaintiff prevailed only to the extent that the Court found the

16  first two positions offered by Defendant were not equivalent to Plaintiff's former position.

17  Defendant prevailed at the second evidentiary hearing, at which the Court found that the third

18  position offered Plaintiff was equivalent to his former position.  Dkt. #311.  Any fees

19  Plaintiff incurred after April 20, 2007, the day Plaintiff rejected Defendant's third offer, are

20  therefore unreasonable attorney's fees under the FMLA.  Plaintiff's argument that he is

21  entitled to fees related to the second evidentiary hearing because he was not allowed to

22  perform discovery on whether the position offered was equivalent (Dkt. ##315 at 3; 327 at

23  3) is unavailing.  Defendant voluntarily provided Plaintiff with ample evidence that the

24  position offered was equivalent.  *See* Dkt. #326 at 4-5.

25        Defendant concedes that an award of attorney's fees related to the March 7, 2007

26  hearing may be appropriate.  Dkt. #326 at 4.  Defendant objects, however, that Plaintiff

27  engaged in block billing and described her tasks inadequately in violation of Local Rule of

28  Civil Procedure 54.2.  Dkt. #326 at 7-9.  Defendant also objects that the amount requested

1    is unreasonable under Local Rule 54.2(c)(3).  The Court has reviewed Plaintiff's billing

2    entries and finds that they sufficiently comport with Local Rule 54.2.  The Court will award

3    Plaintiff attorney's fees incurred from January 1, 2007 through April 19, 2007, as well as

4    $641 incurred submitting the response to Defendant's objection to Plaintiff's supplemental

5    fee application.  The Court will deduct the amounts listed in billing entries 16968 and 16955,

6    which describe the preparation of a sur-reply relating to Plaintiff's first attorney's fees

7    motion that Plaintiff filed without leave of Court.

8    **IT IS ORDERED:**

9    1.    Plaintiff's motion for award of attorney's fees (Dkt. #315) is **granted in part**

10            and **denied in part** as set forth in this order.

11   2.    Plaintiff is awarded **$8,127** in attorney's fees to be paid by Defendant.

12   DATED this 20th day of July, 2007.

David G. Campbell
United States District Judge