**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Wayne F. Foraker, | ) | No. CV-04-2614-PHX-DGC |
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| Apollo Group, Inc. dba University of Phoenix, | ) | |
| Defendant. | ) | |

Plaintiff has filed a Motion for Issuance of Modification of Taxation of Costs Order. Dkt. #330. The Court will deny the motion.

Plaintiff filed an Amended Bill of Costs on May 21, 2007, seeking the taxation of $12,806.95. Dkt. #305. On June 26, 2007, the Clerk of the Court awarded Plaintiff $1,964.01 in costs. Dkt. #329. Plaintiff makes several objections to the Clerk's order.

First, Plaintiff argues that the Clerk should not have denied service fees of $1,008.50 due to Plaintiff's failure to submit invoices because Plaintiff's counsel lost the invoices when her office was flooded. The Clerk requires invoices, and Plaintiff was unable to provide them. The Clerk made the judgment that Plaintiff's affidavit was not sufficient documentation of Plaintiff's service fees, and the Court will not upset this discretionary decision. *See* LRCiv 54.1(b).

Second, Plaintiff argues that the Clerk awarded an insufficient amount of court reporter fees. Dkt. #330 at 2. The Clerk awarded Plaintiff $1,719.01 of the requested $4,575.41, explaining that no recovery is allowed for condensed transcripts, indexing, litigation support, administration fees, mini transcripts, or appearance fees. Dkt. #329. Plaintiff now states, without documentation, that "[o]nly a few of these invoices" contain the disallowed charges. In filing her application for court reporter fees, however, Plaintiff's counsel clearly failed to itemize each taxable type of transcript and included fees that are not taxable. The Court will not overrule the Clerk's determination of the appropriate amount of taxable reporter fees. *See* LRCiv. 54.1(b), (e)(3).

Third, Plaintiff objects to the Clerk's award of $40 rather than the requested $4,714.25 for witness and expert witness fees. The Family Medical Leave Act (FMLA) provides for a plaintiff's recovery of "a reasonable attorney's fee, reasonable expert witness fees, and other costs of the action to be paid by the defendant." 29 U.S.C. § 2617(a)(3). This does not mean, however, that expert witness fees are taxable by the Clerk. To the contrary, the Court's local rules make clear that expert witness fees beyond those statutorily allowed for all witnesses are not to be taxed by the Clerk. *See* LRCiv 54.1(e)(4) ("Fees for expert witnesses are not taxable in a greater amount than that statutorily allowable for ordinary witnesses.") If Plaintiff was to recover expert witness fees under the FMLA, he should have sought them as part of his fee application to the Court, not as a cost taxable by the Clerk. He did not do so, and the Clerk correctly applied the local rules in denying Plaintiff's request to tax expert witness fees.

Finally, Plaintiff objects to the Clerk's denial of $1,661.80 he requested for exemplification and copy costs. The local rules are specific in the kinds of costs that may be taxed by the Clerk: "[t]he reasonable cost of copies of papers necessarily obtained from third party records custodians" and "[t]he reasonable cost of documentary exhibits admitted into evidence at the hearing or trial, including the provision of additional copies for the Court or opposing parties." LRCiv 54.1(e)(5). Plaintiff did not submit an itemized list of copying costs that conformed with this local rule. He instead submitted an affidavit of counsel merely

1  stating "that 8,309 pages were copied that were used for court filings and to provide copies
2  to opposing counsel and client." Dkt. #305-5. The affidavit does not specify which of the
3  copies were for documents admitted in evidence, nor does it address why a copying cost of
4  20 cents per page is reasonable. Because Plaintiff failed to provide proper documentary
5  support for his claim, the request was properly denied by the Clerk.

6  **IT IS ORDERED** that Plaintiff's Motion for Issuance of Modification of Taxation
7  of Costs Order (Dkt. #330) is **denied**.

8  DATED this 9th day of August, 2007.

David G. Campbell
United States District Judge

- 3 -