1    **WO**

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                       **FOR THE DISTRICT OF ARIZONA**

8

9    Wayne F. Foraker,                          )    No. CV-04-2614-PHX-DGC
                                                )
10                   Plaintiff,                 )    **ORDER**
                                                )
11   vs.                                        )
                                                )
12   Apollo Group, Inc. dba University of       )
     Phoenix,                                   )
13                                              )
                     Defendant.                 )
14   _____        )

15          On August 10, 2007, the Court entered an order calling for Defendant to respond to

16   Plaintiff's motion for reconsideration regarding Plaintiff's request for expert witness fees

17   under the Family Medical Leave Act ("FMLA"). Dkt. #338. Defendant has filed a response.

18   Dkt. #339.  In light of the numerous previous filings Plaintiff has made on this subject, no

19   reply is necessary.  The Court will grant Plaintiff's motion in part and deny it in part.

20          Pursuant to the Congressional directive in 29 U.S.C. § 2617(a)(3) that courts "shall"

21   award reasonable expert witness fees to prevailing plaintiffs under the FMLA, the Court

22   concludes that Plaintiff is entitled to recover the reasonable fees of Eric J. Splaver, Plaintiff's

23   economic expert.  Plaintiff seeks a total of $4,714.25 for Mr. Splaver's work. *See* Dkt. #330.

24   As Defendant correctly notes, however, $123.75 of this amount related to lost 401(k) benefits

25   that were not timely raised in this trial, and another $198.00 related to an untimely

26   supplemental expert report. *See* Dkt. #339 at 5.  Subtracting these amounts from Mr.

27   Splaver's total fees of $4,714.25, the Court concludes that Plaintiff is entitled to recover the

28   reasonable amount of $4,392.50 for Mr. Splaver's work in this case.

1    Plaintiff seeks to recover $800 in fees paid for the deposition of Defendant's

2   psychological expert, Dr. Bayless.  The testimony of Dr. Bayless, however, was directed at

3   Plaintiff's claim for "pain and suffering" and "compensatory damages" under Title VII.  *See*

4   Dkt.##130, ¶ 30; 339-2.  Such compensatory damages are not recoverable under the FMLA.

5   Section 2617(a)(1)(A)(i) of the statute limits a plaintiff's recovery to actual monetary losses.

6   Consequential and emotional stress damages are not recoverable.  *Walker v. United Parcel*

7   *Service, Inc.*, 240 F.3d 1268, 1277 (10th Cir. 2001).  Because Dr. Bayless' psychological

8   report related solely to a non-FMLA claim on which Defendant prevailed, the fees Plaintiff

9   incurred in deposing Dr. Bayless are not recoverable under the FMLA.

10    Finally, Plaintiff seeks to recover $650 for expert witness fees of Dr. Sivak and Nurse

11   Davis.  As Plaintiff's own filings make clear, however, these witnesses were retained to

12   establish that Plaintiff had a serious medical condition under the FMLA.  Dkt. #305-2 at 5.

13   This was never an issue in the case.  Defendant did not contest that Plaintiff had legitimate

14   medical reasons for seeking leave under the FMLA.  The Court accordingly concludes that

15   these fees were not reasonably incurred and are not recoverable under the FMLA.

16   **IT IS ORDERED:**

17   1.    Plaintiff's Motion for Reconsideration (Dkt. #337) is **granted in part and**

18   **denied in part**.

19   2.    Plaintiff shall recover $4,392.50 in expert witness fees from Defendant

20   pursuant to 29 U.S.C. § 2617(a)(3).

21   DATED this 5th day of September, 2007.

22

23

24   _____

25   David G. Campbell
     United States District Judge

26

27

28